IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**JOEY V. BROCK,**
    **Plaintiff,**

v.   No:   5:05cv32/LAC/MD

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**
    **Defendant.**

_____

**REPORT AND RECOMMENDATION**

    This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and Rules 72.1(A), 72.2(D) and 72.3 of the local rules of this court relating to review of administrative determinations under the Social Security Act and related statutes. It is now before the court pursuant to 42 U.S.C. § 405(g) of the Social Security Act for review of a final determination of the Commissioner of Social Security (Commissioner) denying claimant Brock's application for disability insurance benefits under Title II of the Act.

    Upon review of the record before this court, it is the opinion of the undersigned that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

## PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits claiming an onset date of April 1, 2000.  Her application was denied initially and on reconsideration, and plaintiff asked for a hearing before an Administrative Law Judge (ALJ).  A hearing was held on February 4, 2004, at which plaintiff was represented by counsel and testified.  A vocational expert also testified.  The ALJ rendered an unfavorable decision on April 23, 2004 (Tr. 13-19) and the Appeals Council declined review (Tr. 6-9), making the decision of the ALJ the final decision of the Commissioner, and therefore subject to review in this court.  *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998).  This appeal followed.

## FINDINGS OF THE ALJ

Relative to the issues raised in this appeal, the ALJ found that plaintiff had conditions of neck and back pain that were severe but that individually or in combination did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4; that plaintiff's allegations concerning her limitations were not fully credible; that she had the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently, to stand for six hours in an eight hour workday, to walk for six hours in an eight hour workday, and to sit for two hours in an eight hour workday, but that she should not be required to crawl, crouch, climb, squat, kneel, or use her lower extremities for pushing or pulling; that her past relevant work as a claims adjuster in an office setting did not require the performance of work-related activities precluded by her residual functional capacity; that her medically determinable neck and back pain did not prevent her from performing her past relevant work; and that she was not disabled as defined in the Act.

## STANDARD OF REVIEW

The ALJ's decision will be reversed only if it is not supported by substantial evidence. *Falge, supra.* The court must determine whether the Commissioner's decision is supported by substantial evidence in the record and whether it is premised upon correct legal principles. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). "A determination that is supported by substantial evidence may be meaningless . . . if it is coupled with or derived from faulty legal principles." *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). In determining whether substantial evidence exists, the court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision. *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)(citations omitted). Findings of fact by the Commissioner that are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps. A finding of disability or no disability at any step renders further evaluation unnecessary. The steps are:

1. Is the individual currently engaged in substantial gainful activity?

2.  Does the individual have any severe impairment?

3.  Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4.  Does the individual have any impairments which prevent past relevant work?

5.  Do the individual's impairments prevent any other work?

The claimant bears the burden of establishing a severe impairment that keeps her from performing her past work. If the claimant establishes such an impairment, the burden shifts to the Commissioner at step 5 to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform. *Chester v. Bowen*, supra, 792 F.2d at 131; *MacGregor v. Bowen*, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, claimant must prove that she cannot perform the work suggested by the Commissioner. *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987).

## PLAINTIFF'S MEDICAL HISTORY

The earliest entry in plaintiff's medical record is dated October 10, 1998. Plaintiff suffered an ankle fracture and underwent open reduction and fixation (Tr. 87-91). She was seen by her orthopedic surgeon, Joseph Laughlin, M.D., over the period of the next year. Her ankle problem essentially resolved, although on July 13, 1999 Dr. Laughlin noted that she continued to have some swelling in her left foot. This was alleviated to some degree by support hose which she wore at work. She also had complained of pain in her low back (Tr. 98). A lumbar MRI performed on May 13, 1999 revealed a very small herniation on the left at L3-L4 without nerve root compression and minimal annular bulging at L4-L5 and L5-S1 (Tr. 100). On November 15, 1999, Dr. Laughlin noted that plaintiff had recently completed a

functional capacity evaluation (FCE) and that he agreed with its findings.[1]  He indicated that he thought plaintiff had some limitations which would prevent her from returning to work as a Field Adjuster because she could not go up and down stairs, crawl, squat, kneel, stoop, climb ladders or get up and down on roofs; she would not be able to sit for extended periods of time but would be able to work in a sedentary job if accommodations were made for her to get up quite often.  Dr. Laughlin did not feel that plaintiff was capable of returning to her previous type of employment, could not sit for eight to twelve hours in an automobile and could not perform a job which would require stooping, squatting, bending, climbing, and placing her at risk (Tr. 94-95).  On December 14, 1999 Dr. Laughlin wrote a letter to plaintiff's employer stating these same findings (Tr. 92-93).

On January 24, 2000, plaintiff was seen by a neurosurgeon, Steven Bailey, M.D., on referral by her personal physician.  Examination of her back revealed significant tenderness in the lumbar region; there was limited flexion, and plaintiff complained of stiffness and pain in her low back; straight leg raising was positive at 70º; there was no sign of muscle atrophy or loss of strength at the hips, knees or ankles; deep tendon reflexes were diminished and neurological sensation testing was normal.  Dr. Bailey felt that because physical therapy had not given plaintiff any relief, she would greatly benefit from an aquatic program together with stretching exercises.  He did not feel that she would be a candidate for surgical intervention (Tr. 105-108).

On September 26, 2000, plaintiff presented at the office of Walter Doty, III, M.D., an internist, to establish care.  Her biggest complaint was what she described as an L3-L5 disc rupture with left leg radiculopathy on straight leg raising.  She also had problems with anxiety.  Dr. Doty diagnosed chronic back pain with L3-L5 disc rupture, and chronic anxiety, treated with Xanax (Tr. 139-140).  Dr. Doty continued to treat plaintiff through November 2003, seeing her variously for high blood

---

[1] The record does not contain a copy of the FCE report.

*Case No: 5:05cv32/LAC/MD*

pressure and anxiety, both of which were controlled (Tr. 144). Mainly he was concerned about her low back pain. On January 15, 2003, he indicated that plaintiff complained of "awful problems with her back and neck," and that she could not sit in a chair in the office but had to stand the entire time. He also commented that he did not "see any way that she can work in her present condition." (Tr. 145) On July 3, 2003, Dr. Doty filled out a clinical assessment of pain form and a physical capacities evaluation form in which he indicated that plaintiff's pain was present to such an extent as to be distracting to the adequate performance of work, that her pain could be increased by activity to the point that she would be distracted from her tasks or abandon her tasks, and that drug side effects would have the same adverse effects (Tr. 186). On the physical capacities evaluation form he opined that plaintiff could lift ten pounds occasionally and five pounds frequently; could never sit during an eight hour workday, could stand for only one hour during an eight hour workday, and was restricted in pushing and pulling, climbing, gross and fine manipulation, bending, reaching, operating motor vehicles; and would miss more than four days per month of work because of her physical problems (Tr. 187).

Plaintiff fell and fractured her elbow on April 5, 2003. It was splinted at the emergency room, and by the end of that month she was "doing great." (Tr. 153-156). When she was last seen by Dr. Doty, she indicated that she had a little tingling in her hand which had been present before although it now seemed to be a little worse. There is no other comment on the record on follow up for her elbow fracture (Tr. 152).

Plaintiff was examined by Sam Banner, M.D., for a disability determination on October 29, 2002. Her chief complaints were fractured left ankle, left elbow pain, and lumbar disc herniations. She gave a history of chronic low back pain and left ankle pain and indicated that sitting for prolonged periods increased her back pain. On examination, her back disclosed no spasm and no bony abnormality, although there was limitation in range of motion due to pain. She demonstrated no pain or difficulty getting on and off the table, she was able to walk with a normal step, and

was able to heel and toe walk although she was only able to squat halfway secondary to her back pain.  On neurological examination all muscle groups were normal, there was decreased pinprick sensation on her left foot, her grip strength was decreased on the right and leg raising was positive secondary to pain.  Dr. Banner's diagnosis was chronic left ankle and left elbow pain, chronic low back pain and chronic right shoulder pain.  He did not offer any opinions as to any limitations plaintiff might have in the working environment (Tr. 113-116).

## DISCUSSION

The plaintiff argues that the ALJ erred in failing to accept or appropriately reject plaintiff's subjective complaints of pain, in not according appropriate weight to the opinion of the treating physician, and in presenting an incomplete hypothetical question to the vocational expert, and that plaintiff was disabled from her onset date as a matter of law.  The Commissioner argues that the ALJ's findings were supported by substantial evidence and must, therefore, be sustained.  The issue thus presented is whether the ALJ's decision that the plaintiff was not disabled, in light of her condition, age, education, work experience, and residual functional capacity, is supported by substantial evidence in the record.

1.   <u>Plaintiff's subjective complaints of pain.</u>

Plaintiff's first ground for relief is based on her claim that the ALJ did not apply the appropriate pain standard.  As this court is well aware, pain is treated by the Regulations as a symptom of disability.  Title 20 C.F.R. § 404.1529 provides in part that the Commissioner will not find disability based on symptoms, including pain alone, ". . . unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce these symptoms." *Accord* 20 C.F.R. § 416.929.  In *Hand v. Heckler*, 761 F.2d 1545, 1549 (11th Cir. 1986), the Eleventh Circuit adopted the following additional pain standard:

> There must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the

alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

The Eleventh Circuit continues to follow the *Hand* test. *Wilson v. Barnhart*, 284 F.3d 1219 (11th Cir. 2002); *Kelley v. Apfel,* 173 F.3d 814 (11th Cir. 1999); *Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1216 (11th Cir. 1991); *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991); *Martin v. Railroad Retirement Bd.,* 935 F.2d 230, 233 (11th Cir. 1991).

But "[w]hile both the Regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself." *Elam*, 921 F.2d at 1216. The court has held that "[p]ain alone can be disabling, even when its existence is unsupported by objective evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (citing *Walker v. Bowen*, 826 F.2d 996, 1003 (11th Cir. 1987)). However, the absence of evidence to support symptoms of the severity claimed is a factor that can be considered. *Id.*; *Tieniber v. Heckler,* 720 F.2d 1251, 1253 (11th Cir. 1983).

Finally, "[i]f the Commissioner refuses to credit [subjective testimony of the Plaintiff concerning pain] he must do so explicitly and give reasons for that decision. . . . Where he fails to do so we hold as a matter of law that he has accepted that testimony as true." *MacGregor v. Bowen*, 786 F.2d at 1054; *Holt v. Sullivan*, 921 F.2d at 1223. "Although this circuit does not require an explicit finding as to credibility, ... the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [plaintiff's] medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotations and citations omitted). The reasons articulated for disregarding the plaintiff's subjective pain testimony must be based upon substantial evidence. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991).

*Case No: 5:05cv32/LAC/MD*

Here plaintiff asserts that the ALJ did not even mention the appropriate pain standard, and that his discussion of plaintiff's subjective complaints of pain was cursory at best.  On initial review this assertion has some force, because the ALJ's decision is not a model of clarity.  In his written decision the ALJ set out the procedural background of the case and stated the basic standard for his decision (Tr. 13-14).  He then discussed the medical evidence (Tr. 14-16).  Next, he indicated that he was giving little weight, if any, to Dr. Doty's "extreme limitations," and explained why (Tr. 16).  He then described plaintiff's testimony at the hearing concerning her level of pain, which she said prevented her from working, and then found her subjective complaints of pain not entirely credible based on her description of her daily activities.  (*Id*.)  The ALJ then made a finding that plaintiff had severe impairments of neck, back and ankle pain.[2]  Next he made a finding on plaintiff's residual functional capacity, and in doing so noted that he considered "all symptoms, including pain, and the extent to which [those] symptoms [could] reasonably be accepted as consistent with the objective medical evidence . . . based on the requirements of 20 C.F.R. § 404.1529."  (Tr. 17).  Then, after making a finding on plaintiff's residual functional capacity, he noted that according to Dr. Doty's records, while there were complaints of back and neck pain, physical examinations revealed normal and sensory function, there was no limitation in ranges of motion, nor any swelling or difficulty with gait, squatting, or heel/toe and tandem walking.  He also pointed to Dr. Banner's report of lack of any significant positive physical findings.

The Eleventh Circuit has also approved an ALJ's reference to and application of the standard set out in 20 C.F.R. § 404.1529, because that regulation "contains the same language regarding the subjective pain testimony that this court interpreted when initially establishing its three-part standard."  *Wilson, supra*, 284 F.3d at 1226.  Thus, failure to cite to an Eleventh Circuit standard is not reversible error so long as

---

[2] The ALJ also discussed any possible mental impairments, and found that plaintiff's condition did not merit a finding of severe, a determination that is not challenged here (Tr. 16-17).

*Case No: 5:05cv32/LAC/MD*

the ALJ applies the appropriate regulation. Here the ALJ made specific reference to 20 C.F.R. § 404.1529 and applied its standard. Although the ALJ did not specifically mention the *Hand* decision, nor any other relevant Eleventh Circuit decision, he discussed plaintiff's pain in reference to the appropriate regulation.

Moreover, there was substantial record evidence to support his decision. Underlying the *Hand* standard is the need for a credibility determination concerning a plaintiff's complaints of pain. Those complaints are, after all, subjective. "[T]he ascertainment of the existence of an actual disability depend[s] on determining the truth and reliability of [a claimant's] complaints of subjective pain." *Scharlow v. Schweiker*, 655 F.2d 645, 649 (5th Cir. 1981) (holding that the ALJ must resolve "the crucial subsidiary fact of the truthfulness of subjective symptoms and complaints").[3] People with objectively identical conditions can experience significantly different levels of pain, and pain is more readily treated in some than in others. "Reasonable minds may differ as to whether objective medical impairments could reasonably be expected to produce [the claimed] pain. This determination is a question of fact which, like all factual findings by the [Commissioner], is subject only to limited review in the courts . . . ." *Hand, supra,* at 1548-49. It is within the ALJ's "realm of judging" to determine that "the quantum of pain [a claimant] allege[s] [is] not credible when considered in the light of other evidence." *Arnold v. Heckler*, 732 F.2d 881, 884 (11th Cir. 1984). Thus, a physician may be told by a patient that he or she is in pain, and the physician may believe it, but the ALJ is not bound by that. The evidence as a whole, including the existence of corroborating objective proof or the lack thereof, and not just a physician's belief, is the basis for the ALJ's credibility determination. Dr. Doty's opinion was based largely on plaintiff's subjective complaints. Although there was an MRI finding of a very small herniation and some minimal bulging in plaintiff's low back in 1999 (Tr. 11), no further tests were done,

---

[3] Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

no aggressive treatment was recommended, and any significant positive signs were absent over the ensuing four years. Therefore, plaintiff has not shown that the ALJ erred in his application of the pain standard, and she is not entitled to reversal on this ground.

>    2.   Opinion of treating physician.

Plaintiff next contends that the ALJ erred in not accepting Dr. Doty's opinion. Absent good cause, the opinion of a claimant's treating physician must be accorded considerable or substantial weight by the Commissioner. *Stewart, supra; Lewis, supra.; Broughton v. Heckler*, 776 F.2d 960, 960-961 (11th Cir. 1985); *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). Generally, a treating physician's medical opinion is entitled to greater weight than the opinion of a consulting physician. *Wilson v. Heckler*, 734 F.2d 513, 516 (11th Cir. 1984). In *MacGregor v. Bowen*, 786 F.2d 1050 (11th Cir. 1986), the Eleventh Circuit ruled:

> The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error. . . . Where the [Commissioner] has ignored or failed properly to refute a treating physician's testimony, we hold as a matter of law that he has accepted it as true.

786 F.2d at 1053. The opinion of a nonexamining physician is entitled to little weight, and, if contrary to the opinion of a treating physician, is not good cause for disregarding the opinion of the treating physician. *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985). However, a brief and conclusory statement that is not supported by medical findings, even if made by a treating physician, is not persuasive evidence of disability. *Warncke v. Harris*, 619 F.2d 412, 417 (5th Cir. 1980); *Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987). *Compare, Wilson v. Heckler, supra*.

Dr. Doty's opinion, and the ALJ's bases for rejecting it, were discussed in the foregoing section. The court will note additionally that when Dr. Doty saw plaintiff in February 2002, he noted "The arthritis in her neck and back and right arm is still a problem, but she gets by with the Celebrex." (Tr. 144). When she returned eleven

months later Dr. Doty noted more severe subjective complaints and that plaintiff's motor and neurological tests were normal, although there was decreased range of motion in her neck and back (Tr. 145).  Dr. Doty did not see plaintiff again before he filled out his assessment forms which, as the ALJ noted, were severely limiting and inconsistent with his office records.  Plaintiff has failed to show that the ALJ erred in discounting Dr. Doty's opinion, and she is not entitled to reversal on this ground.

   3.   <u>Hypothetical question.</u>

Finally, plaintiff contends that the ALJ did not pose an accurate hypothetical question to the vocational expert, and therefore erred in relying on the vocational expert's opinion.  A hypothetical question must comprehensively describe the plaintiff's condition, and vocational expert testimony that does not accurately address that condition cannot be considered substantial record evidence.  *Pendley v. Heckler,* 767 F.2d 1561, 1563 (11th Cir. 1985).  However, "the ALJ [is] not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported."  *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1161 (11th Cir. 2004).  Here the ALJ's hypothetical question contained all the restrictions that he ultimately included in his residual functional capacity finding, so his hypothetical question was not incomplete.  There was no error on this issue.

Accordingly, it is respectfully RECOMMENDED that the decision of the Commissioner be AFFIRMED, that this action be DISMISSED and that the clerk be directed to close the file.

At Pensacola, Florida this 22nd day of September, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**